# JAMES H. POST ET AL.

*v.*

# JOSÉ RAMON TORRES Y PACHECO ET AL.

San Juan, Equity, No. 949.

ON RESPONSE TO RULE TO SHOW CAUSE WHY AN INJUNCTION SHOULD NOT ISSUE.

Nonresidents—Security for Costs.

    1. A local regulation for security for costs may not be binding upon the Federal court, and § 342 of the Porto Rico Code of Civil Procedure is not mandatory. If the complainant has abundant property on the Island subject to levy, a motion for security for costs will be denied.

Rescission—Discrepancy in Contract.

    2. If all the property called for by a lease has not been turned over, or the consideration of the whole contract has failed, rescission will lie.

Temporary Injunction—Burden.

    3. Where the matter comes up upon answer to a bill or answer to a rule to show cause, the burden should be upon the plaintiff to show the necessity for issuing the injunction.

Preliminary Injunction—Trial on the Merits.

    4. A court will not, upon application for preliminary injunction, undertake to try the merits of the case. If the application makes a prima facie case for an equitable remedy, to which injunction is a proper accessory, a temporary injunction will issue upon a suitable bond. Amendable defects will be considered as amended, and defenses which are a confession and avoidance will be disregarded.

Equity—Jurisdiction.

    5. A court of equity taking jurisdiction for one purpose will see that that is thoroughly carried out, and the complainants will not be remitted to another court for part of their remedy.

Post v. Torres y Pacheco.

Lease—Discrepancy.
　　6. A small discrepancy in acreage is a ground for damages, not for
rescission of contract. *Secus* as to a quarter of the property.

Opinion filed July 14, 1914.

Mr. *Luis Banigan* for complainants.

Messrs. *Savage & Francis* for defendants.

HAMILTON, Judge, delivered the following opinion:

The discussion has taken a very wide range. It has practical-
ly been a discussion of the merits of the case. There are one
or two things that ought to be adjusted now.

1. The first matter to be considered is the motion of the
defendants that the complainants, being nonresidents of the
Island, be compelled to give security for costs. It is not clear
that a local regulation of this kind is binding upon the Federal
court. There are many cases in which a court of chancery is
not bound by matters of practice which are binding upon other
branches of the judiciary department under the same Sovereign.
Much more so is this the case where the courts are entirely
distinct, as in this instance. However this may be, the section
of the Porto Rican Code of Civil Procedure referred to, § 342,
does not appear to be mandatory. It says that in the case
mentioned the plaintiff may be directed to give security for
costs, and other parts of the section indicate that this is not
one of the cases where "may" is to be interpreted as "must."
It would seem that the complainants in this case have abundant

Post v. Torres y Pacheco.

property on the Island of Porto Rico, and it does not at all appear that the defendants run any risk of having to pay the costs of this suit if they should win. The motion, under all the circumstances, therefore, will be refused.

2. In the second place, as to the matter of practice in cases of this sort. Here is a bill filed seeking the rescission of a long lease upon at least two grounds,—one that all the land covered by the lease has not been turned over; that there is a discrepancy large enough to be taken into account in a court of equity in rescinding the lease. Another ground is that a part of the consideration of the whole transaction has failed, that is to say, that the parties contracted under a certain state of the public law, and that has been changed. The court does not pass on either of these at this time, but if proved the bill has equity.

3. The complainants thereupon obtain a rule on the defendants to show cause why a temporary injunction should not issue restraining the defendants from collecting the rentals on this land while the equity suit is pending. The defendants come in and file, not an answer to the bill, but an answer to the rule to show cause. Ordinarily, it has been the practice to make a motion for an injunction, and, in a proper case, for that motion to be served upon the defendant, and then, of course, a hearing is held on the question of an injunction *vel non*. On that application the burden of opening and closing would be upon the plaintiff in the main case to show why there should be an injunction issued. Of course, the defendant would answer giving any reasons by affidavit or otherwise, and then the plaintiff would reply. The practice pursued in the present case, which is also a perfectly proper practice, is to have a rule to

Post v. Torres y Pacheco.

show cause served upon the defendants. The court does not think that that ought in any way to vary the practice upon the hearing. That is to say, after the bill has been answered, there should still be upon the plaintiff the burden to show that there should be an injunction issued, and he would have the opening and closing upon the argument. The court would be very glad to hear from both sides, but it would probably be better, under the practice of having a rule to show cause, to define what the actual procedure should be. The court will hold that the procedure in this class of cases would be just the same as upon an ordinary motion. The plaintiff would open and the defendant reply, and then the plaintiff would close. So much as to the matter of practice.

4. Looking somewhat at the merits of this particular application, it would seem as if there should be some distinction between an application for an injunction and a trial on the merits of the case. The court cannot possibly try the merits of a case upon a preliminary motion like this, and it would seem as if the rule is as follows: Where the bill,—and, of course, the motion for an injunction would include the bill and possibly some other evidence,—but where the bill, we will say, or the showing, is that there is a prima facie case, where the bill seeks an equitable remedy to which an injunction would be a proper accessory, in that case the injunction should be granted, a temporary injunction of course, but granted on such a bond as would protect the defendant. It would seem as if every defense which would be amendable should be considered as amended, and every defense which is a confession and avoidance should be disregarded upon a motion for an injunction. That is to say,—take this case,—it is alleged that one of the defend-

Post v. Torres y Pacheco.

ants is a bona fide purchaser for value. That brings up the law point as to what is the effect of the transfer of land, under the Porto Rican law, which at the time is subject to a lease. It is suggested on the one side that it amounts to a cancelation of the lease at the option of the purchaser; on the other that the purchaser becomes a bona fide purchaser for value. It is an important question, but the court would not undertake to pass upon the point on a preliminary motion like this. It might be something that would determine the fate of the bill, but, if so, it should come up on an answer or other pleading which would be proper. It seems to the court that it cannot at this time go into this defense; that it would be trying the case upon a preliminary motion.

That being so, does this bill show prima facie an equitable ground? Here is an allegation that a long lease was obtained, and that legal fraud, not necessarily a moral fraud, is involved in the transaction, and that there have been other things which make the contract so inequitable that it should be rescinded. Without passing upon whether that is true or not, it is sufficient that, if true, it would be a ground for granting the complainants relief. That is the bill.

5. It is urged by this rule to show cause that the complainants should not be put to the necessity of paying rent which on their bill they ought not to pay, and of their suing in another court to recover it back after the determination of the suit in this court; and it would appear as if that is true. That the court, if it takes jurisdiction of the case for one purpose, ought to see that that purpose is thoroughly carried out, not remitting the complainants to some other court for half their remedy. It is not necessary that the damages be irreparable.

Post v. Torres y Pacheco.

If they grow out of the equity which is involved in the bill, they should be embraced in this proceeding, whether they are irreparable or not.

6. As to the first ground mentioned, that the amount of acreage is a quarter less than set up in the lease, it would seem that the section of the Civil Code which has been cited, § 1372, provides that there may be a discrepancy up to 10 per cent. in a sale. Here is a discrepancy of 25 per cent. The rule at. common law as to discrepancies is this, that a discrepancy of 1 or 2 or 3 per cent, or something like that, will not be regarded, and there are some cases which hold that a discrepancy up to 8 per cent will not violate the contract. It may be a ground for damages, but it will not necessarily be ground for rescinding the contract: Eight or 10 per cent is certainly as far as any cases hold, and this seems to be a case of 25 per cent, so, on the whole, it seems to the court, without regard to the second ground of the bill, that this is prima facie a good bill in equity. That being so, the incidental relief of an injunction *pendente lite* ought to be granted, and it will be so ordered on the complainants' making an adequate bond. The bond will be fixed at. $2,000.